{¶ 13} I respectfully dissent. In Perry v. Whitaker, (June 22, 2001), Wood App. No. WD-00-065, the jury answered specific interrogatories, awar ding an amount to cover the plaintiffs' total medical expenses but awarding zero for pain and suffering. That case was reversed on manifest weight and is distinguishable from this case.
 {¶ 14} Here, although it may be reasonable to assume that the verdict covers only appellant's emergency room bill from the day after the accident s ince the amount is identical, the plaintiff's verdict for $831.50 is a general, rather than special, verdict. The jury apparently chose not to award any amount for the remaining medical treatment claimed by the appellant, let alone for pain and suffering. Appellee had contested the amount of damages through cross'examination and the jury had a full opportunity to evaluate the credibility of the witnesses. Based upon the record, this jury could reasonably have believed that the accident proximately caused appellant to be checked out at the emergency room a day later, but that she was not injured in this rear end collision.
 {¶ 15} I do not find this to be a case where the jury verdict should be reversed on manifest weight of the evidence. Finding that the trial court d id not abuse its discretion in denying the motion for new trial, I would affirm its judgment.